IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WENDY L. SISSON,

    Plaintiff,

v.

OHIOHEALTH CORP.,

    Defendant.

Case No. 2:13-cv-0517
Judge Gregory L. Frost
Magistrate Judge King

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff Wendy L. Sisson's motion to conditionally certify a collective action under the Fair Labor Standard Act ("FLSA") (ECF No. 3), Defendant OhioHealth Corporation's opposition (ECF No. 14), and Plaintiff's reply in support of her motion for conditional certification (ECF No. 17). Also before the Court is a motion to strike certain paragraphs of the Declaration of Karen Lawler and Plaintiff's consent to become a party plaintiff (ECF No. 15), Plaintiff's response in opposition to the motion to strike (ECF No. 16), and Defendant's reply in support of the motion to strike (ECF No. 19). On October 24, 2013, the Court convened an oral hearing on the motion for conditional certification and motion to strike.

For the reasons set forth below, the Court **DENIES** Defendant's motion to strike (ECF No. 15), but will disregard paragraphs of the Lawler Declaration that contain inadmissible statements. The Court **GRANTS** Plaintiff's motion for conditional certification of a collective action under the FLSA.

**I.**

Plaintiff filed her Complaint in this action in June 2013, alleging that Defendant OhioHealth Corporation ("OhioHealth") failed to pay appropriate minimum wage and overtime compensation, in violation of the FLSA.  Plaintiff pursues her FLSA claims on behalf of herself and all others similarly situated, pursuant to 29 U.S.C. § 216(b)'s provisions allowing for a collective action to be brought for FLSA relief.

Plaintiff alleges that she was employed at Ohio Health's Milhon Clinic facility as a medical assistant from June 2011 until February 2013.  (Compl. ¶ 12.)  At the time her employment at the Milhon Clinic terminated, Plaintiff alleges that the Milhon Clinic employed nine or ten medical assistants ("MA"), three to four licensed practical nurses ("LPN"), and three to four registered nurses ("RN").  (*Id.* ¶ 14.)  Plaintiff further alleges that the MAs, LPNs, and RNs were nonexempt employees under the FLSA and that they performed "many of the same job duties, including providing patient care, assisting physicians and performing administrative functions."  (*Id.* ¶ 15.)

Plaintiff alleges that, during her employment at the Milhon Clinic, she was regularly required to clock out at the end of her scheduled shift but to continue working "off the clock" hours without being paid overtime compensation.  (Pl.'s Consent to Become Party Plaintiff ¶¶ 4-8, ECF No. 1-1 at PageID# 10.)  The Complaint alleges that all hourly, non-exempt MAs, LPNs, and RNs regularly worked "off the clock" hours without overtime compensation.  (Compl. ¶¶ 19-20, ECF No. 1 at PageID# 4.)  To corroborate this claim, Plaintiff submitted with her Complaint the Declaration of Karen Lawler, which stated that Lawler observed "several of the hourly staff working while not clocked in" and that Lawler heard those hourly employees complaining about

being required to work off the clock.  (Lawler Decl., ECF No. 1-2 at PageID# 13-14.)  Lawler was employed as an Advanced Practice Nurse at the Milhon Clinic.

The Complaint seeks payment of unpaid minimum wage and overtime compensation to Plaintiff and MAs, LPNs, and RNs at Milhon Clinic who are similarly situated to Plaintiff.  Plaintiff also moves this Court for an order conditionally certifying this action as a collective action.  (ECF No. 3.)  Plaintiff seeks an order conditionally certifying a class of hourly, non-exempt MAs, LPNs, and RNs employed at OhioHealth's Milhon Clinic location.  (*Id.* at PageID# 30.)

## II.

The Fair Labor Standards Act allows employees, under certain circumstances, to collectively sue an employer to recover unpaid overtime compensation.  *See* 29 U.S.C. § 216(b).  The statute provides in part:

> Any employer who violates the provisions of section 6 or section 7 of this Act [the minimum wage or maximum hours provisions, 29 U.S.C. §§ 206, 207] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.…  An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

Determining whether to allow an action to proceed as a collective action is left to the trial court's discretion.  *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006).  In general, courts must first determine whether to authorize notice of the pending action and the opportunity to "opt-in" to be given to potential class members.  *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, 864-65 (S.D. Ohio 2005).  The court will authorize "conditional

3

certification" and notice to potential class members if the named plaintiffs demonstrate that they are "similarly situated" to the other employees whom they seek to notify. *Id.* at 865. After notice has been sent and discovery has been completed, the defendant(s) can move to decertify the class, challenging the court's preliminary determination that other employees are similarly situated. *Id. See also Comer*, 454 F.3d at 546 (noting that a district court's certification of a class at the notice stage is "conditional and by no means final"). If the Court concludes that they are similarly situated, the collective action proceeds to trial; if not, the court de-certifies the class, dismisses the opt-in plaintiffs without prejudice, and proceeds to trial on the named plaintiffs' individual claims. *Smith v. Lowe's Home Ctrs.*, 236 F.R.D. 354, 357 (S.D. Ohio 2006).

At the conditional certification stage, the relevant stage here, Plaintiffs need make only "a modest factual showing" that they are similarly situated to the other potential plaintiffs whom they seek to notify of the collective action. *Harrison*, 411 F. Supp. 2d at 865 (citing *Olivo v. GMAC Mortg. Corp.*, 374 F. Supp. 2d 545, 548 (E.D. Mich. 2004)). A "modest" showing does not, however, mean one that the court will rubber-stamp as a proposed class. Plaintiffs must present some *evidence* to support allegations that others are similarly situated. *Id.* at 868. "Before subjecting an employer to the burdens of a collective action, 'plaintiffs must establish a colorable basis for their claim that a class of 'similarly situated' plaintiffs exists.'" *Id.* (quoting *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 267 (D. Minn. 1991)). Though "some evidence" is required to support conditional certification, the Court bears in mind that it must make its determination "using a fairly lenient standard." *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 213 (S.D. Ohio 2011); *see also O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584 (6th Cir. 2009) (explaining that 29U.S.C. § 216(b)'s "similarly situated" requirement is less stringent than the Fed. R. Civ. P. 23(b)(3) requirement that common questions predominate)). Courts

(including this one) have repeatedly held, however, that only admissible evidence may be considered in connection with a motion to certify a collection action under 29 U.S.C. § 216(b). *Harrison*, 411 F. Supp. 2d at 865 (collecting cases).

### A. Defendant's Motion to Strike

Before proceeding to the merits of Plaintiff's motion to certify, the Court will first address Defendant's motion to strike. (ECF No. 15.) Defendant moves to strike certain paragraphs of the Declaration of Karen Lawler (ECF No. 1-2), submitted by Plaintiff in support of her motion to certify, on the basis that it contains inadmissible hearsay and because statements therein are not based upon her personal knowledge. Defendant also moves to strike the factual allegations of Plaintiff Sisson's consent to become a party plaintiff (ECF No. 1-1) because they are contained in a declaration not made under penalty of perjury in accordance with 28 U.S.C. § 1746.

The Court **DENIES** the motion to strike. That is not to say, however, that the substantive aspects of Defendant's motion are not before the Court. Rather than striking the materials challenged by Defendant, the appropriate method for handling these infirmities is to simply disregard the inadmissible portions of the declarations in the event the Court deems any of them inadmissible. *See O'Neal v. Emery Fed. Credit Union*, No. 1:13-cv-22, 2013 U.S. Dist. LEXIS 110383, at *23 (S.D. Ohio Aug. 6, 2013) (citing See *Mathews v. ALC Partner, Inc.*, No. 2:08-cv-10636, 2009 U.S. Dist. LEXIS 75097, 2009 WL 2591497, at *4-5 (E.D. Mich. Aug. 24, 2009) (denying motion to strike but disregarding portions of the plaintiffs' declarations because plaintiffs did not establish the basis for their knowledge)). Accordingly, the Court will determine which, if any, portions of the challenged declarations it will disregard for purposes of deciding Plaintiff's motion for conditional certification.

5

**1. Lawler Declaration**

As to the Lawler Declaration, Defendant moves to strike paragraphs 13, 14, 15, 17, 18, 19, 21, and 22 of the Lawler Declaration. These paragraphs state as follows:

13. During the time that I worked at the Milhon Clinic, I observed several of the hourly staff working while not clocked in. I know these employees were not on the clock while still working because I was working when this occurred and spoke to these employees about not being clocked in.

14. Several hourly employees mentioned working while not clocked in to me and I overheard them complaining about having to work overtime while not being paid for it. I overheard hourly employees say they were afraid of being fired if they did not work these hours off the clock.

15. Throughout the week, hourly, non-exempt employees would work off the clock at the end of their shifts to complete tasks that needed to be finished before the next morning. Hourly, non-exempt employees included MA's, LPN's and some RN's.

17. On numerous occasions, I spoke to MA's, LPN's and RN's who worked off the clock at the end of their shift because they feared they would be penalized and disciplined for remaining clocked-in.. [sic]

18. Based on my conversations with employees at the Milhon Clinic, the general belief in the office was that employees would be penalized for incurring overtime hours. Therefore, the hourly employees would routinely clock out at the end of their shift even though they were still performing work.

19. A specific example I was made aware of regarding employee discipline for incurring overtime hours involved Wendy Sisson. Ms. Sisson incurred overtime hours for remaining clocked in at the end of her shift to finish patient paperwork and was reprimanded with an employee write-up for incurring overtime hours.

21. Comparing the time employees clocked out to the time stamps on the documents will demonstrate that hourly employees continued working after they clocked out.

22. It is my opinion, based on my firsthand knowledge of the employees of the Milhon Clinic, that employees were forced to work off the clock to finish their job [sic].

(ECF No. 1-2, at PageID# 13-14.)

Defendants first contend that paragraphs 14, 17, and 18 are inadmissible "because they consist entirely of unabashed hearsay statements." (Mot. to Strike, ECF No. 15 at PageID# 123.) In response, Plaintiff argues that the statements are nonhearsay because they are considered a statement "by the party's agent or servant concerning a matter within the scope of the agency or employment" within the meaning of Fed. R. Evid. 801(d)(2)(D). (Pl.'s Opp., ECF No. 16 at PageID# 133.)

The Court rejects Plaintiff's argument that the challenged statements qualify as party admissions under Fed. R. Evid. 801(d)(2)(D). Before Rule 801(d)(2)(D) may apply, "the Court must determine 'whether there is evidence that the unidentified declarants were speaking on a matter within the scope of their employment.'" *Rutledge v. Claypool Elec., Inc.*, No. 2:12-cv-159, 2012 U.S. Dist. LEXIS 178647, at *15-16 (quoting *Back v. Nestlé USA, Inc*., 694 F.3d 571, 578 (6th Cir. 2012)). The Court considers the statement itself when making this determination, but the statement "does not by itself establish . . . the existence or scope of the relationship under [Rule 801(d)(2)(D)]." Fed. R. Evid. 801(d)(2). Thus, the proponent of the statement must provide other evidence sufficient to satisfy Rule 801(d)(2)(D)'s scope-of-employment requirement, such as "'circumstances surrounding the statement, such as the identity of the speaker [or] the context in which the statement was made.'" *Back*, 694 F.3d at 578 (quoting Fed. R. Evid. 801 advisory committee's notes, 1997 Amendment). The party seeking to admit statements under Rule 801(d)(2)(D) bears the burden of proving admissibility. *Rutledge*, 2012 U.S. Dist. LEXIS 178647, at *16.

Plaintiff has no evidence other than the statements themselves to support the applicability of Rule 801(d)(2)(D). "Statements by employees are outside of the scope of an employee's

7

employment, and therefore not subject to the party-admission rule, when they concern decisionmaking processes into which the employee has no input, or decisions to which they were not a party." *Liadis v. Sears, Roebuck & Co.*, 47 F. App'x 295, 303 (citing *Stalbosky v. Belew*, 205 F.3d 890 (6th Cir. 2000)). The challenged statements in the Lawler Declaration are attributed to unidentified hourly employees with no indication that payroll practices are within the scope of their duties. *See Rutledge* at *16-17. Accordingly, Plaintiff cannot rely on Rule 801(d)(2)(D) to establish the statements' admissibility.

Plaintiff cites *Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862, and *Musarra v. Digital Dish, Inc.*, No. C2-05-545, 2008 U.S. Dist. LEXIS 110003 (S.D. Ohio Mar. 24, 2008), as support for the proposition that the challenged statements in paragraphs 14, 17, and 18 are nonhearsay admissions under Rule 801(d)(2)(D). But both of these cases are readily distinguishable. In each of them, Rule 801(d)(2)(D) applied because *managers*, whose scope of employment presumably included payment practices, were the declarants of the statements at issue. *McDonald*, 411 F. Supp. 2d at 867 n.2; *Musarra*, 2008 U.S. Dist. LEXIS 110003 at *11 n.7.

Plaintiff identifies no other basis other than Rule 801(d)(2)(D) in arguing for the admissibility of paragraphs 14, 17, and 18. Because the Court finds Rule 801(d)(2)(D) inapplicable to the statements at issue, the Court will disregard paragraphs 14, 17, and 18 of the Lawler Declaration as evidence supporting certification.

With regard to paragraphs 13, 15, 19, 21, and 22, Defendant argues that these statements are inadmissible at the certification stage because the statements contained in them are not based on Lawler's personal knowledge.

As to paragraph 13, Defendant argues that the "only basis" for Lawler's assertion that hourly staff worked off-the-clock consisted of her conversations with other employees. But paragraph 13 is not necessarily read that way. The first sentence of paragraph 13 states that Lawler "observed several of the hourly staff working while not clocked in." Thus, paragraph 13 arguably provides an independent basis for Lawler's knowledge of the facts contained in the rest of the paragraph. Accordingly, the Court will consider paragraph 13.

For similar reasons, the Court finds no infirmity in paragraph 15. Though Defendant argues that Lawler does not establish personal knowledge in paragraph 15, the content of the Declaration suggests that Lawler had firsthand knowledge of the fact that non-exempt employees were working off the clock. Combined with paragraph 13, it can be inferred that Lawler gained her knowledge from her observation of employees and their work practices.

The Court takes a different view as to paragraph 19. Defendant argues that Lawler does not indicate a basis for being "made aware of" Plaintiff Sisson being disciplined for working overtime hours. Thus, Defendant argues that the only "reasonable conclusion" is that Lawler's statement in paragraph 19 is based on hearsay rather than personal knowledge. In response, Plaintiff does not deny that Lawler gained knowledge through her discussion with others. (Pl.'s Opp., ECF No. 16 at PageID# 137 ("[i]t can be inferred that Ms. Lawler was told about this instance" of Plaintiff being disciplined for working overtime).) Plaintiff cites *O'Neal v. Emery Fed. Credit Union*, No. 1:13-cv-22, 2013 U.S. Dist. LEXIS 110383 (S.D. Ohio Aug. 6, 2013), and *Noble v. Serco, Inc.*, No. 3:08-76, 2009 U.S. Dist. LEXIS 89709 (E.D. Ky. Sept. 28, 2009), for the proposition that it is reasonable to infer that Lawler gained personal knowledge from her *discussions* with Plaintiff and/or other nurses and that such discussions are recognized as a valid basis of gaining personal knowledge.

9

The Court declines to "infer" personal knowledge through "discussions with others" in this case. Simply put, that is not personal knowledge. To the extent *Noble* finds otherwise, the Court declines to follow it. As for *O'Neal*, the Court does not read the case as standing necessarily for the proposition that a declarant may obtain personal knowledge through hearsay. Indeed, the *O'Neal* court found the statements about other employees "likely are not admissible under [Fed. R. Evid.] 602" and afforded them "little or no weight" because proponents of the statements did not establish the basis of the declarants' knowledge about other employees' experiences. *O'Neal*, 2013 U.S. Dist. LEXIS 110383, at *23. The *O'Neal* court therefore disregarded the statements for purposes of deciding conditional certification. *Id.*

The Court will likewise disregard Lawler's statement in paragraph 19 of her Declaration. Lawler simply states that she was "made aware" of Plaintiff's discipline and Plaintiff freely admits that the basis of this awareness is from talking with other employees. This is knowledge gained through hearsay, not personal knowledge of Lawler. Accordingly, the Court disregards paragraph 19 of the Lawler Declaration in deciding the certification issue.

As to paragraph 21, Defendant argues that Lawler likewise fails to establish personal knowledge to support her conclusion that "[c]omparing the time employees clocked out to the time stamps on the documents [for processing patient paperwork] will demonstrate that hourly employees continued working after they clocked out." The Court disagrees with Defendant on this point. Paragraph 20 of the Lawler's Declaration sets forth the basis of her personal knowledge: she states there that the Milhon Clinic uses a time-stamping system "for processing patient paperwork and information" and that said system will time-stamp any patient paperwork accessed by any employee. (Lawler Decl. ¶ 20, ECF No. 1-2 at PageID# 14.) Thus, the Court finds a sufficient basis for personal knowledge relating to the statement in paragraph 21, at least

insofar as Lawler is stating generally what documents may show. The Court does not read paragraph 21 as stating what documents will definitively show with respect to any specific employee.

Paragraph 22 consists of Lawler's opinion that employees were forced to work off the clock. The Court will not disregard this statement, as Lawler has established elsewhere some indication that she observed employees working off the clock. Accordingly, the Court finds some basis to support it.

Accordingly, for the reasons stated above, the Court will disregard paragraphs 14, 17, 18, and 19 of the Lawler Declaration. The Court finds, however, that paragraphs 13, 15, 21, and 22 are admissible and will give those paragraph appropriate weight in considering the motion to certify.

**2. Plaintiff's Declaration**

Defendant moves to strike Plaintiff's declaration expressing her consent to become a party plaintiff in this action. The declaration also contains statements that would support conditional certification of a collective action. Defendant contends that Plaintiff's unsworn declaration does not state that it is made under penalty of perjury and is therefore invalid under 28 U.S.C. § 1746.

The Court **DENIES** Defendant's motion to strike Plaintiff's declaration as moot. Plaintiff supplemented her declaration with an addendum stating that her declaration was made under penalty of perjury. (ECF No. 16-1.)

**B. Motion to Certify**

Having decided what portions of the declarations the Court will and will not consider, the Court now proceeds to decide Plaintiff's motion for conditional certification. As noted

previously, Plaintiff need make only "a modest factual showing" that she is similarly situated to the other potential plaintiffs whom they seek to notify of the collective action. *Harrison*, 411 F. Supp. 2d at 865.

In order to establish that other employees are similarly situated to her, Plaintiff need only show that her position is similar—but not necessarily identical—to those of the putative class members. *Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 867 (S.D. Ohio 2011). "Thus, similarly situated class members under FLSA are those whose causes of action accrued in approximately the same manner as those of the named plaintiffs." *Id.* at 867-68; *see also Pritchard v. Dent Wizard Intern. Corp.*, 210 F.R.D. 591, 595 (S.D. Ohio 2002) "Application of this 'fairly lenient standard . . . typically results in conditional certification.'" *Lewis*, 789 F. Supp. 2d at 868 (quoting *Comer*, 454 F.3d at 547). During this stage, the Court does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility. *Swigart*, 276 F.R.D. at 214

Plaintiffs are typically required to produce a factual basis to support an allegation of class-wide FLSA violations. *Id.* (citing *Pritchard*, 210 F.R.D. at 595). The Court should consider (1) whether potential plaintiffs were identified, (2) whether affidavits of potential plaintiffs were submitted, (3) whether evidence of a widespread discriminatory plan was submitted, and (4) whether a manageable class exists as a matter of "sound class management." *Id. See also Sniffen v. Spectrum Indus. Serv.*, No. 2:06-cv-622, 2007 U.S. Dist. LEXIS 35206, at *4 (S.D. Ohio Feb. 13, 2007) (granting conditional class certification where plaintiffs submitted affidavits and payroll records showing failure to pay overtime).

The Court finds that Plaintiff has presented enough of a factual basis to support conditional certification. Though it is true that Plaintiff has not identified any proposed plaintiffs

by name or submitted affidavits from any potential plaintiffs, the Court finds that the Lawler Declaration (even when the Court disregards the inadmissible evidence cited above) helps Plaintiff overcome these first two factors. The admissible portions of the Lawler Declaration establish that she observed hourly employees similarly situated to Plaintiff (including MAs, LPNs, and RNs) working off the clock. (Lawler Decl. ¶¶ 13, 15, ECF No. 1-2 at PageID# 13-14.)

The other two factors also cut in favor of certification, albeit modestly. Lawler's Declaration gives enough detail from which to infer that there was a "widespread discriminatory plan" or policy of requiring off-the-clock work at the Milhon Clinic. And the Court finds, at this stage, that a "manageable class" exists based on Plaintiff's representation that only the Milhon Clinic (as opposed to *every* OhioHealth facility) is at issue. (Pl.'s Reply, ECF No. 17 at PageID# 146.) Plaintiff's allegations indicate that the hourly employees at issue (MAs, LPNs, and RNs) perform similar duties and that there are perhaps 18 employees who were subject to working "off the clock." (Compl. ¶¶ 14-17, ECF No. 1.) At this stage of the process, the Court does not find that the proposed class is unmanageable.

Accordingly, the Court finds that Plaintiff has satisfied her burden of making a "modest showing" to support conditional certification. The Court accordingly **GRANT S** Plaintiff's motion for conditional certification of a collective action under 29 U.S.C. § 216(b).

### III.

As set forth above, the Court **DENIES** Defendant's motion to strike (ECF No. 15) and **GRANTS** Plaintiff's motion for conditional certification (ECF No. 3). The Court conditionally certifies the following class:

> Any Medical Assistant, Licensed Practical Nurse or Registered Nurse employed by Ohio Health Corporation at its Milhon Clinic facility between the time period of June 3, 2010 to the present who completed work after clocking out at the end of the shift and was not compensated for this time worked.

The Court further **ORDERS** the parties to meet and confer, through counsel, regarding the content and form of notice to be given to proposed class members and to submit, within 14 days of the date of this Opinion and Order, a joint proposed judicial notice.  The proposed judicial notice shall include a specific opt-in period not to exceed 90 days.

Additionally, Defendants shall produce to Plaintiffs within 21 days of the date of this Opinion and Order a list of all individuals who fall within the certified class described above.  The list shall be in spreadsheet format, produced electronically and in hard copy, and contain the following information:

1. Full name of employee or former employee;
2. Last known address of the employee or former employee;
3. If a former employee, the former employee's last known e-mail address; and
4. Dates of employment for each employee or former employee.

**IT IS SO ORDERED**.

/s/ Gregory L. Frost
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**